**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GERALD WINTERS, | : | |
| | | Civil Action No. 06-5516 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| SAMUELS, JR., | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Gerald Winters, Pro Se
#13616-050 East
F.C.I. Fort Dix
Unit 5751
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

    Petitioner Gerald Winters, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the conviction and sentence pursuant to which he is confined.

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer it, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

**BACKGROUND**

The following background facts are taken from the Petition, and are accepted as true for purposes of this Opinion and accompanying Order.

Petitioner is presently in custody serving an aggregate term of 415 months in prison for racketeering conspiracy, as imposed by the United States District Court for the District of New Jersey on March 13, 1991.  Petitioner appealed his conviction and sentence, and previously filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255.  Petitioner also filed a previous § 2241 petition in this District Court, which was dismissed.

In this Petition, Petitioner argues that he "is actually and factually innocent of RICO conspiracy" for which he was convicted.  He states that the jury acquitted all of Petitioner's co-defendants, and only found Petitioner guilty.  Petitioner argues that his conviction is unlawful because it was not determined with whom he conspired, and that the Court of Appeals for the Third Circuit's decision that he had conspired with an "un-indicted" person violates statutes.

2

This Court has not required Respondent to Answer as it is apparent from the face of the Petition that this Court lacks jurisdiction.

## ANALYSIS

**A.   Sua Sponte Dismissal**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

**B.   Petitioner's Claims**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a § 2255 motion

filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Although Petitioner characterizes his claim as a challenge to the execution of his sentence under § 2241, it is apparent that the challenge is to the judgment itself and must be brought under § 2255 unless remedy by that motion is "inadequate or ineffective to test the legality of his detention," or unless the appropriate Court of Appeals certifies his filing of a second or successive petition under the limited grounds permitted by § 2255.[2]

As noted above, Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."

---

[2] A Court of Appeals may certify a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

4

In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. <u>See id.</u> To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. <u>See id.</u> at 251-52.

    Petitioner's inability to meet the gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition. Moreover, Petitioner has previously pursued a § 2255 motion in the proper court. Accordingly, this Petition must be construed as a second or successive motion to vacate, set aside, or correct sentence

5

under 28 U.S.C. § 2255,[3] over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  See 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Third Circuit as a motion for leave to file a second or successive § 2255 motion.  Petitioner has had ample opportunity during his many previous filings to pursue his claims in the trial court and in the Court of Appeals for the Third Circuit,

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

which has already denied Petitioner leave to file a second or successive § 2255 Petition.  In addition, Petitioner fails to assert claims that fall within the grounds permitted for second or successive § 2255 motions.  <u>See</u> this Opinion, footnote 2.  Accordingly, it does not appear that it would be in the interest of justice to transfer this matter to the Court of Appeals for the Third Circuit.

## CONCLUSION

For the reasons set forth above, the Petition will be dismissed, without prejudice, for lack of jurisdiction.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated:  **January 8, 2007**